**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **THOMAS EARL DOUGLAS** | § | |
| | § | |
| **V.** | § | **A-14-CA-849 LY** |
| | § | |
| **MICHAEL PEARCE, WARDEN,** | § | |
| **FCI BASTROP** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court are Thomas Earl Douglas' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); and the Government's Response (Dkt. No. 7). Douglas also files a Motion for Immediate Release and Parcel Compensation (Dkt. No. 8) filed in lieu of a Reply. The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On September 25, 2008, Thomas Earl Douglas ("Douglas") was indicted by a grand jury in the District of Vermont charging him with a violation of 18 U.S.C. § 2242(b) (using a facility in an attempt to entice a minor to engage in sexual activity); and a violation of 18 U.S.C. § 2252(a)(1) (transporting child pornography). After a jury trial, on November 24, 2008, Douglas was found guilty of both counts. The District Court sentenced Douglas to 121 months on each count, to run concurrently, followed by five years of supervised release with special conditions, no fine, and a $100 special assessment for each count. *See* Judgment and Commitment Order in

2:07-CR-00119-WKS-1, District of Vermont Clerk's Dkt. No. 100. Douglas filed motions for acquittal after the jury trial, which were denied. He also filed a direct appeal to the Court of Appeals for the Second Circuit, which affirmed the judgment on November 23, 2010. *Id.* at Dkt. No. 107. Douglas filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which was denied on the merits. Clerk's Dkt. No. 124. The Court of Appeals for the Second Circuit denied Douglas' request for a panel rehearing of his claims. Dkt. No. 127.

Douglas is currently incarcerated in Bastrop, Texas, located within the Western District of Texas. In his § 2241 Petition to this Court, Douglas claims that his sentence should be vacated due to "new evidence proveing [sic] actual innocence, falsified evidence, hearsay, speculation, and invalid indictment." Attached to his filing is a sworn affidavit from his wife claiming he did not commit the acts that formed the basis for his conviction at trial as well as a sworn affidavit by Douglas claiming that the government presented falsified evidence at trial. Petition Exhibit 1. Douglas also requests the Court to award him monetary damages for the lost profits of his trucking business for the duration of his incarceration which he values at fifty million dollars.

## II. ANALYSIS

Because Douglas is attacking errors that occurred at or prior to his sentencing, his claims are outside the scope of a § 2241 petition. A motion under section 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam ). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000). This Court lacks jurisdiction to construe the instant petition as a § 2255 petition, however, because a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for the District of

Vermont. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a §2255 motion, where prisoner was sentenced in a different district).

However, "while § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001 )).  Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (per curiam ).  A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903.  The petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452.

In this case, however, Douglas cannot demonstrate that he was convicted of a nonexistent offense, nor is his claim premised on a retroactively-applicable Supreme Court decision calling into question to validity of his conviction.  Rather, Douglas' claims of innocence are based upon his own

3

affidavit and that of his wife claiming that he did not commit the offenses for which he was convicted. This is insufficient to establish that the section 2255 remedy is inadequate or ineffective. *Benson*, 511 F.3d at 487.[1] His claims do not fall within the savings clause of section 2255(e ) and thus he is not entitled to relief under section 2241. Douglas' Petition should be dismissed for lack of jurisdiction. *Christopher*, 342 F.3d at 379 (remanding case for dismissal for lack of jurisdiction because petitioner failed to show section 2255 remedy was inadequate or ineffective)

## III. <u>RECOMMENDATION</u>

The undersigned **RECOMMENDS** that the District Court **DISMISS** Thomas Earl Douglas' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No 1) for lack of jurisdiction.

## IV. <u>WARNINGS</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

[1] Douglas' claims for lost profits are similarly insufficient to support jurisdiction.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of October, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE